BOB ROGERS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

146 So. 561:

En Banc.

Opinion filed February 23, 1933.

*W. A. Rother* and *E. S. Corlett, Jr.,* for Plaintiff in Error.

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for the State.

DAVIS, C. J.—Plaintiff in error was convicted of the offense of armed robbery and sentenced therefor to life imprisonment.

According to the evidence the defendant below, Bob Rogers, was the leader of a gang of so-called "hi-jackers," who held up and robbed one J. H. Stutz of a large quantity of high grade whiskey, a shot gun and other personal property. Rogers is shown to have arranged for a trade in which he was to buy the whiskey from Stutz, but instead of paying for it and taking delivery at the agreed place in the usual way, Rogers and his party of armed men appeared on the scene, drew weapons, including machine guns, and proceeded to take the whiskey in controversy by force after Rogers had threatened to kill Stutz or any one of his companions who interfered with him. Thereafter the whiskey so forcibly seized was loaded into an automobile and driven away to be sold outside the state. Rogers was some time afterward arrested and extradited from Pennsylvania. One of his alleged companions in the "hi-jacking," B. L. Roach, was also informed against and convicted on a separate trial. The details of the Roach trial have been passed on by this Court at the present term. See Roach v. State, opinion filed at the present term.

While there were certain happenings at the trial that were irregular, and which in some particulars constitute technical error of procedure, a careful review of the whole record demonstrates that there was such convincing proof of the defendant's guilt adduced at the trial, that it is difficult to perceive how any other verdict could have been returned by the jury save that of guilty. Because of this, the errors complained of will not be considered by us as

warranting a new trial. This is so because under the circumstances, such errors must be deemed to have been harmless in the light of the whole record.

The judgment is affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.